1    Larry D. Simons, CLS-B (CA Bar No. 179239)
*larry@lsimonslaw.com*

2    Frank X. Ruggier, CLS-B (CA Bar No. 198863)
*frank@lsimonslaw.com*

3    **LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Avenue, Suite 110

4    Mission Hills, California 91345
Telephone: 818.672.1778

5    Facsimile: 626.389.5607

6    Attorneys for Plaintiff, Nancy J. Zamora, Chapter 7 Trustee

7

8

9               **UNITED STATES BANKRUPTCY COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

11

*Law Offices of Larry D. Simons*
*15545 Devonshire Avenue, Suite 110*
*Mission Hills, California 91345*
*TEL. 818.672.1778 • FAX 626.389.5607*

| | |
|---|---|
| 12  In re | Case No. 1:18-bk-10440 MB |
| 13  ROBERT MARASAGIN ARTIFICIO,<br>an individual | Chapter 7 |
| 14 | Adv. Proc. |
|          Debtor. | **COMPLAINT FOR INTERPLEADER AND** |
| 15 | **DECLARATORY RELIEF** |
| 16  NANCY J. ZAMORA, solely in her capacity as<br>Chapter 7 Trustee, | |
| 17 | DATE:  TO BE SET BY SUMMONS |
|          Plaintiff, | TIME:  TO BE SET BY SUMMONS |
| 18 | PLACE: CTRM 303 |
| 19  v. | 21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |
| 20  ENTRETAINER LLC;<br>YVONNE MARTINEZ, an individual; and | |
| 21  JAMES ROJAS dba TRISTAR FINANCIAL,<br>an individual | |
| 22           Defendants, | |

23

24       For her Complaint for (1) Interpleader and (2) Declaratory Relief (the "Complaint"),

25 plaintiff, Nancy J. Zamora, the duly appointed, qualified and acting Chapter 7 Trustee (the

26 "Trustee" or "Plaintiff") for the estate of Robert Marasagin Artificio ("Debtor") hereby alleges and

27 avers as follows:

28

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL 818.672.1778 • FAX 626.389.5607

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(1) and § 1334(a) as this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (K) and (O).  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) and because this is a civil proceeding arising and/or related to the Debtor's chapter 7 case, styled In re Robert Artificio, bearing Bankruptcy Case No. 1:18-bk-10440 MB, currently pending in the San Fernando Valley Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case").

2.      Plaintiff, Nancy J. Zamora (the "Trustee or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate (the "Estate") created in the instant chapter 7 Bankruptcy Case.

3.      Debtor, Robert Artificio ("Debtor") is the chapter 7 debtor in the Bankruptcy Case, and initiated this case by filing a voluntary petition for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") on February 20, 2018 (the "Petition Date").

### PARTIES

4.      Plaintiff brings this action solely in her capacity as Trustee for the benefit of the Estate and its creditors.

5.      Plaintiff was appointed after the filing of the Debtor's chapter 7 case.  As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to her appointment and, therefore, alleges all those facts on information and belief.  Plaintiff reserves her right to amend this Complaint to allege additional claims against Defendants.

6.      Defendant, Entretainer LLC ("Entretainer") is a limited liability company conducting business within the jurisdiction of this Court.

7.      Defendant, Yvonne Martinez ("Martinez") is an individual residing within the jurisdiction of this Court.

///

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

8.     Defendant, James Rojas dba Tristar Financial ("Rojas") is an individual residing within the jurisdiction of this Court.

9.     Defendant Entretainer, Martinez and Rojas are collectively referred to as Defendants.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

10.    Plaintiff is informed and believes and, on that basis alleges that Debtor and Ferdinand Edralin ("Edralin") entered into an agreement whereby Debtor executed a promissory note ("Note") and deed of trust ("Trust Deed") in favor of Edralin for the sum of $7,650.00 and in exchange Debtor agreed to the recordation of the Trust Deed against his real property located at 6741 Vicky Avenue, West Hills, California 91307 (the "Property").

11.    Plaintiff is informed and believes and, on that basis alleges that the Trust Deed was recorded on February 17, 2015 as instrument number 20150171224 with the Los Angeles County Recorder's Office. A true and correct copy of the Note and Trust Deed are collectively attached hereto as Exhibit "1."

12.    Plaintiff is informed and believes and on that basis alleges that Edralin assigned his rights in the Trust Deed to Entretainer and Rojas by an assignment recorded in the Los Angeles County Recorder's Office as instrument number 20180626373 on June 22, 2018 (the "Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit "2."

13.    Plaintiff is informed and believes and on that basis alleges that Rojas assigned a three percent (3%) interest in the Trust Deed to Martinez by an assignment recorded in the Los Angeles County Recorder's Office as instrument number 20180946216 on September 14, 2018 (the "Martinez Assignment"). A true and correct copy of the Martinez Assignment is attached hereto as Exhibit "3."

14.    Plaintiff is informed and believes and on that basis alleges that Debtor made the installment payments as required by the Note and Trust Deed, but that the payments have not been accounted for by Defendants.

///

///

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX  626.389.5607

15.    After the Petition Date, Trustee employed a broker to market and sell the Property.

16.    On May 23, 2019, Trustee filed a motion to sell the Property (the "Sale Motion"). As part of the Sale Motion, Trustee sought to sell the Property free and clear of the Trust Deed pursuant to 11 U.S.C. § 363(f).

17.    The Court entered an order approving the Sale Motion on July 5, 2019 and pursuant to the terms of the order, the Trust Deed attached to the sales proceeds (the "Sale Order") with the Trustee holding monies related to the Trust Deed (the "Sales Proceeds).

18.    Trustee has sought a payoff demand from Defendants along with a payment history on the Note and Trust Deed to pay the Sales Proceeds.

19.    To date, not all of the Defendants have provided payoff instructions and because there is more than obligee on the Note, Trustee is unclear how any Sales Proceeds should be divided between Defendants.

## FIRST CLAIM FOR RELIEF

### (Interpleader of Funds-FRBP 7022)

20.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 as though set forth in full.

21.    The individual Defendants have made competing claims (or failed to submit a claim) to the Trustee for the Sales Proceeds.

22.    Trustee disclaims ownership interest in the principal portion of the Sales Proceeds. At all times, Trustee has been willing to deliver the Sales Proceeds to the persons properly entitled to the proceeds, however as a result of having received payoff instructions from only one of the Defendants, Trustee is unable to determine the amounts, if any, to which each of the Defendants is entitled to receive.

23.    Trustee has determined that there is a conflict between the Defendants to the Sales Proceeds and therefore the portion of the Sales Proceeds related to the principal on the Note should be deposited with the Clerk of the Court.

///

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

24.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 as though set forth in full.

25.     Plaintiff is informed and believes and on that basis alleges thereon that Debtor has made some installment payments on the Note and Trust Deed and that any payoff received by Plaintiff has not accounted for those payments.

26.     Plaintiff is informed and believes and on that basis alleges thereon that the interest rate contained in the Note exceeds the allowable rate under applicable law and is usurious.

27.     As such, a dispute has arisen between Plaintiff and Defendants as to how much monies from the Sale Proceeds is actually due and owing on the Note and Trust Deed.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1.     For a judgment authorizing Plaintiff to deposit the Sales Proceeds related to the Trust Deed with the Clerk of this Court.

2.     Restraining the Defendants and all parties acting with them, from commencing or prosecuting any separate proceeding against Plaintiff relating to the Sales Proceeds on the Trust Deed.

3.     Relieving and discharging Plaintiff from any and all liability to the Defendants with respect to the Sales Proceeds on the Trust Deed.

**ON THE SECOND CLAIM FOR RELIEF**

4.     For a judgment determining that the amount owed on the Trust Deed and Note is less than the amount sought by Defendants in any payoff demand.

5.     For a judgment that the interest rate contained in the Note and Trust Deed exceeds applicable state law and is usurious.

///

///

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

1

**ON ALL CLAIMS FOR RELIEF**

2

6.    For attorney fees as allowed in the Note and Trust Deed under Civil Code § 1717;

3

7.    For costs of suit incurred herein; and

4

8.    For such other and further relief as this Court deems just and proper.

5

6

Dated: 12/31/2019                          **LAW OFFICES OF LARRY D. SIMONS**

7

_____/s/ Larry D. Simons_____

8

Larry D. Simons
Attorneys for Plaintiff, Nancy J. Zamora,

9

Chapter 7 Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

**EXHIBIT 1**

DO NOT DESTROY THIS NOTE:
When paid, this note and the Deed of Trust must be surrendered to Ferdinand Edralin with request for reconveyance.

## INTEREST ONLY INSTALLMENT NOTE
### BALLON PAYMENT

Diamond Bar, California.                    February 11, 2015

In installments and at the times hereinafter stated, for value received, **Robert Artificio, an unmarried person** promise(s) to pay to Ferdinand Edralin, or order at 2115 Eveningsight Drive, West Covina CA 91792 the sum of **Seven Thousand Six Hundred and fifty Dollars ($7,650.00)**, with interest from February 11, 2015, at the rate of 20.000% per annum, payable in installments of **One Hundred twenty-seven Dollars and 57/100 ($127.57)** or more, beginning on March 11, 2015, and continuing on the same day of each month until August 11, 2015, at which time the entire unpaid principal balance, together with any unpaid interest shall become all due and payable.

**AT ANY TIME, THE PRIVILEGE IS RESERVED TO PAY MORE THAN THE SUM DUE:** Each payment shall be credited first, on the interest then due: and the reminder on the principal sum; and interest shall thereupon cease upon the amount so credited on the said principal sum. Should default be made in the payment of any of said installments when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note.

**INTEREST AFTER BREACH:** This Note shall continue to bear interest at the rate provided herein, after any breach thereof.

**CIVIL CODE:** This Note is subject to Section 2966 of the Civil Code, which provides that the holder of this Note shall give written notice to the Trustor, or his successor in interest, of prescribed information at least 60 days, and not more than 150 days before any balloon payment is due.

**LATE CHARGE:** If any payment is not made within 15 days after it is due, a late charge of 5.00% will be due.

**PREPAYMENT PENALTY:** Trustor may make a full or partial prepayment of this loan at any time with NO Prepayment Penalty.

**DUE ON SALE:** In the event of sale, transfer, conveyance or alienation of said property, or any part thereof, or any interest therein, whether voluntary of involuntary, Beneficiary shall have the right of acceleration, at it's option, to declare the Note secured by the Deed of Trust, irrespective of the maturity date expressed therein, and without demand or notice, immediately due and payable. No waiver of this right shall be effective unless it is in writing. Consent by the Beneficiary to one such transaction shall not constitute waiver of the right to require such consent to succeeding transaction.

Should suit be commenced to collect this note or any portion hereof, such sum as the Court may deem reasonable shall be added thereto as attorney's fees. Principal and interest payable in lawful money of the United States of America. This note is secured by a certain DEED OF TRUST to **Ferdinand Edralin.**

Re. Property Address **26741 Vicky Avenue, West Hills, CA 91307** " apn no. 2038-020-0404

_____
Robert Artificio

 

**This page is part of your document - DO NOT DISCARD**

## 20150171224

 

**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**02/17/15 AT 01:01PM**

| | |
|---|---|
| FEES: | 52.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 52.00 |



**L E A D S H E E T**



201502173300059

00010183693



006654844

**SEQ:**
**01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

E497023

**RECORDING REQUESTED BY:**

When Recorded Mail Document To:
FERDINAND EDRALIN
2115 EVENINGSIDE DRIVE
WEST COVINA, CA 91792

APN: 2038-020-040                    SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made, **February 11, 2015**, between **ROBERT ARTIFICIO, an unmarried person**, herein called **TRUSTOR**, whose address is **6741 VICKY AVENUE, WEST HILLS, CA 91307**

**Ferdinand Edralin**, herein called **TRUSTEE**, and Beneficiary, **as its successors and assigns herein** called **BENEFICIARY**,                    Ferdinand Edralin as

WITNESSETH: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles County, California, described as:

LOT 4 OF TRACT NUMBER 33583 IN THE CITY OF ANGELES, COUNTY OF LOS ANGELES, IN THE STATE OF CA AS RECORDED IN MAP 904 PG 97 & 98.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of **$7,650.00** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of this Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious Deed of Trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2 Book 1961, Page 183887 | | | | |

Initials

APN: 2038-020-040

which provisions, identical in all counties, (printed on the attached unrecorded pages) are hereby adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that Trustor will observe and perform said provisions; and that the references to property, obligations and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned **Trustor** requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him/her/them at their address hereinbefore set forth.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of LOS ANGELES

On FEBRUARY 12, 2015 before me, ANALLELI AYALA , Notary Public,

personally appeared ROBERT ARTIFICIO

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal)

ROBERT ARTIFICIO

ANALLELI AYALA
COMM. #2055585
Notary Public · California
Los Angeles County
My Comm. Expires Feb. 14, 2018

Initials __ __ __ __

APN: 2038-020-040

## DO NOT RECORD

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

## TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

1. To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2. To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4. To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5. To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

6. That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7. That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8. That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

9. That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

Initials _____ _____ _____ _____

APN: 2038-020-040

10. That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such, rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

11. That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash of lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the proceeding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

12. Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and pages where this Deed is recorded and the name and address of the new Trustee.

13. That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

14. That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Initials ____ ____ ____ ____

# EXHIBIT 2



**This page is part of your document - DO NOT DISCARD**



# 20180626373

Pages:
0002

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**06/22/18 AT 09:07AM**

| | |
|---|---:|
| FEES: | 27.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 102.00 |





**L E A D S H E E T**



201806221890003

00015402589



009170439

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

**RECORDING REQUESTED BY**

AND WHEN RECORDED MAIL TO:

Name    TRISTAR FINANCIAL

Street
Address  7108 DE SOTO AVE.,#200

City &
State    Canoga Park, CA 91303
Zip

Title Order No.              Escrow No.



06/22/2018

*20180626373*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Assignment of Deed of Trust

Assessor Parcel Number: 2038-020-040

FOR VALUE RECEIVED,   the undersigned hereby grants, assigns and transfers to

ENTRETAINER LLC, a California Limited Liability Company and James Rojas DBA TRISTAR FINANCIAL

all beneficial interest under that certain Deed of Trust dated  02/11/2015
executed by

ROBERT ARTIFICIO, an unmarried person.                          , Trustor,
to            FERDINAND EDRALIN                            , Trustee,
and recorded as Instrument No. 20150171224   on 02/17/15       in book          , page 5          , of
Official Records in the County Recorder's office of  Los Angeles        County, California, describing land
therein as:

Lot 4,Tract 33583, in the City of Los Angeles,County of Los Angeles, State of California,as per map recorded
in Map 904 PG 97 & 98.

aka: 6741 Vicky Avenue, West Hills, CA 91307     APN: 2038-020-040

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Deed of Trust.

> A notary public or other officer completing this certificate
> verifies only the identity of the individual who signed the
> document to which this certificate is attached, and not
> the truthfulness, accuracy, or validity of that document.

Dated   JUNE 21, 2018

STATE OF CALIFORNIA
COUNTY    OF   Los Angeles
on June 21, 2018                before me,
Rosio Chavez
_____
(here insert name and title of the officer)
, notary public, personally appeared  Ferdinand
Zoleta Edralin
who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature

FERDINAND EDRALIN / BENEFICIARY

ROSIO CHAVEZ
COMM. 2156788
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires June 16, 2020

(This area for official notarial seal)

# EXHIBIT 3

**This page is part of your document - DO NOT DISCARD**

## 20180946216

 

Pages:
0003

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**09/14/18 AT 11:46AM**

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**L E A D S H E E T**

201809140750024

**00015731404**

009344324

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E516354

**RECORDING REQUESTED BY**

AND WHEN RECORDED MAIL TO:

Name    TRISTAR FINANCIAL

Street
Address  7108 DE SOTO AVE.,#200

City &
State    Canoga Park, CA 91303
Zip

Title Order No.              Escrow No.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Assignment of Deed of Trust

Assessor Parcel Number: 2038-020-040

**FOR VALUE RECEIVED,** the undersigned hereby grants, assigns and transfers to
YVONNE MARTINEZ 3%

all beneficial interest under that certain Deed of Trust dated  02/11/2015
executed by

ROBERT ARTIFICIO, an unmarried person.                          , Trustor,
to                                              FERDINAND EDRALIN                               , Trustee,
and recorded as Instrument No. 20150171224      on 02/17/15        in book          , page 5        , of
Official Records in the County Recorder's office of  Los Angeles          County, California, describing land
therein as:

Lot 4,Tract 33583, in the City of Los Angeles,County of Los Angeles, State of California,as per map recorded
in Map 904 PG 97 & 98.

aka: 6741 Vicky Avenue, West Hills, CA 91307      APN: 2038-020-040

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Deed of Trust.

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

Dated  July 25, 2018

STATE OF CALIFORNIA
COUNTY  OF _____

On _____ before me,                    James Rojas DBA TRISTAR FINANCIAL

_____
(here insert name and title of the officer)

, notary public, personally appeared_____

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____                    (This area for official notarial seal)

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**       CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                    )
County of __Los Angeles__                  )

On __July 25, 2018__ before me, __Rosio Chavez Notary Public__,
    *Date*                                            *Here Insert Name and Title of the Officer*

personally appeared __James Rojas__
                                         *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**ROSIO CHAVEZ
COMM. 2156788
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires June 18, 2020**

Signature _____
                               *Signature of Notary Public*

    *Place Notary Seal Above*
──────────────── **OPTIONAL** ────────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __Assignment of Deed of Trust__
Document Date: __7/25/18__ _____ Number of Pages: __1__
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee     ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee     ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Nancy J. Zamora, Chapter 7 Trustee | DEFENDANTS<br>Entretainer LLC; Yvonne Martinez; and James Rojas dba<br>Tristar Financial |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>Law Offices of Larry D. Simons<br>15545 Devonshire St., Ste. 110; Mission Hills, CA 91345 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br><br>Interpleader of Sales Proceeds and Declaratory Relief to Determine Ownership of Sales Proceeds and to Determine if Interest Charged is Usurious |
|---|

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
     (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court
     if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>Robert Marasagin Artificio | BANKRUPTCY CASE NO.<br>:18-bk-10440 MB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Martin Barash |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>December 31, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Larry D. Simons, Attorney for Plaintiff | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.